JOHN TAYLOR, Appellant, *v.* JEREMIAH REMINGTON, Respondent.

(Submitted October 4, 1872; decided January term, 1873.)

THIS action was brought in Justice's Court, upon a promissory note made by defendant, payable to Lorenzo Kellog or order, and transferred by him after maturity to Isaac Starbuck & Brothers. Plaintiff claimed by purchase from that firm. Defendant alleged payment to Kellog before transfer by him. Upon the trial it appeared that plaintiff had brought a prior action upon the note, in which he was nonsuited for the reason that the payee had not indorsed the note. The note was then sent to procure such indorsement,

and came into the possession of Isaac Starbuck, who, in behalf of his firm, entered into an agreement with defendant to arbitrate in reference to the payment. Plaintiff was called as a witness for the firm on the hearing before the arbitrator. The arbitrator made his award in writing, deciding that defendant had paid the note to the payee. Upon this trial defendant offered in evidence the submission and award. Plaintiff testified that he was called as a witness before the arbitrator as to the character of a witness, without knowing at the time the subject of the controversy. There was some evidence tending to show that at the time of the arbitration Starbuck & Brothers owned the note, also that they were acting under plaintiff's sanction and approval therein. At the close of the evidence, plaintiff moved to strike out the award upon the ground that he was not a party to the submission, which motion was granted. *Held*, error. That the submission and award and all the facts relating thereto should have been taken into consideration by the justice, because if the note at the time of the submission and award belonged to Starbuck & Brothers, or if plaintiff, knowing of the submission, made no objection, it was binding upon him, but by striking out the award as evidence, the court in effect decided that in no case was it binding upon or evidence against plaintiff.

*Davis & Harris* for the appellant.

*Isaac Mott* for the respondent.

EARL, C., reads for affirmance.
All concur.
Judgment affirmed.